# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| EDWINA WILLIAMS, on behalf of herself and all others similarly situated, § § § Plaintiff, § § v. § § NATIONAL TRAVEL SERVICES, INC., § PLAZA RESORTS, INC. d/b/a RAMADA § PLAZA RESORTS ORLANDO/ § FT. LAUDERDALE VACATIONS, § RESORT MARKETING HOLDINGS, § INC., PINNACLE RESORTS HOLDING, § INC., CONSOLIDATED TRAVEL § HOLDINGS GROUP, INC., DANIEL § LAMBERT, and JAMES VERRILLO, § § Defendants. § | CASE NO. 5:07-CV-56-OC-10WCJ  CLASS REPRESENTATION |

## COMPLAINT AND DEMAND FOR JURY TRIAL
### INJUNCTIVE RELIEF SOUGHT

**I.  PRELIMINARY STATEMENT**

1.  This is a consumer class action against travel companies acting in concert to intentionally mislead consumers about the vacation packages they sell. The Defendants fail to disclose to consumers that they are actually travel vouchers and that the consumers must spend a significant portion of their vacations in attendance at sales presentations for timeshare resorts. Moreover, the travel companies do not disclose or submit to the Florida Department of Agriculture and Consumer Services the materials required for the sale of vacation certificates pursuant to the Florida Sellers of Travel Act, Fla. Stat. Ann. §§ 559.926, *et seq.* ("FSTA"); yet, they knowingly sell or market these certificates. Plaintiff seeks damages and injunctive relief under the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. Ann. §§ 501.201, *et seq.*

("FDUTPA"), and seeks restitution pursuant to Florida common law. Plaintiff also seeks relief for a Class and Subclass of similarly situated consumers affected by the travel companies' practices.

## II. JURISDICTION

2. Jurisdiction is conferred on this court by 28 U.S.C. § 1332(d).

## III. PARTIES

3. Plaintiff Edwina Williams ("Plaintiff") or ("Ms. Williams") is an individual who resides in Indiana.

4. Defendant National Travel Services, Inc. ("NTS") is a Nevada corporation with its principal place of business at 2419 E. Commercial Boulevard, Ft. Lauderdale, Florida 33308. NTS is engaged in the promotion and sale of vacation packages in connection with the solicitation of consumers to attend presentations for the sale of timeshare properties.

5. Defendant Plaza Resorts, Inc., doing business as Ramada Plaza Resorts Orlando/Ft. Lauderdale Vacations ("RPR") is a Florida corporation with its principal place of business at 2419 E. Commercial Boulevard, Ft. Lauderdale, Florida 33308. RPR is engaged in the promotion and sale of vacation packages in connection with the solicitation of consumers to attend presentations for the sale of timeshare properties.

6. Defendant Resort Marketing Holdings, Inc. ("RMH") is a Florida corporation with its principal place of business at 2419 E. Commercial Boulevard, Ft. Lauderdale, Florida 33308. RMH is a holding company that, on information and belief, owns NTS and RPR.

7. Defendant Pinnacle Resorts Holding, Inc. ("PRH") is a Florida corporation with

its principal place of business at 2419 E. Commercial Boulevard, Ft. Lauderdale, Florida 33308. PRH is a holding company that, on information and belief, owns RMH.

8. Defendant Consolidated Travel Holdings Group, Inc. ("CTH") is a Florida corporation with its principal place of business at 2419 E. Commercial Boulevard, Ft. Lauderdale, Florida 33308. CTH is a holding company that, on information and belief, owns TRH.

9. NTS, RPR, RMH, PRM, and CTH are related companies. They all share the same two officers and directors -- Daniel Lambert and James Verrillo -- and also share the same primary place of business and registered agent.

10. Defendant Daniel Lambert, a resident of Florida, is an officer and director of NTS, RPR, RMH, PRH, and CTH, and, along with James Verrillo, is engaged in the formulation, management, and control of the operations of all of these entities.

11. Defendant James Verrillo, a resident of Florida, is an officer and director of NTS, RPR, RMH, PRH, and CTH, and, along with Daniel Lambert, is engaged in the formulation, management, and control of the operations of all of these entities.

12. There is, and at all relevant times was, a unity of interests and ownership between Defendants Lambert and Verrillo and NTS, RPR, RMH, PRH, and CTH, such that any individuality and separateness among the Defendants concerning the facts alleged in this Complaint has ceased to exist. The funds and property interests of the Defendants are commingled. NTS, RPR, RMH, PRH, and CTH were at all relevant times, and are, used as mere "shell" and "sham" entities for purposes of implementing policies and practices developed, instituted, marketed, and overseen by Defendants Lambert and Verrillo, including those concerning the promotion and sale of vacation packages in connection with the solicitation of

3

consumers to attend presentations for the sale of timeshare properties. As a result, Defendants were at all relevant times, and are, alter egos of each other, and NTS, RPR, RMH, PRH, and CTH were at all relevant times, and are, merely the agents of Lambert and Verrillo, and in committing the acts and omissions alleged in this Complaint were acting within the scope of such agency.

### IV. FACTUAL ALLEGATIONS

13.     Defendants are in the business of selling timeshare plans to consumers throughout the United States. In order to induce consumers to attend sales presentations for the timeshares, and, ultimately, to purchase the timeshares, Defendants market and sell vacation packages (hereinafter, "Vacation Packages") to consumers throughout the United States. These Vacation Packages typically consist of short trips to Florida and the Caribbean, including accommodations and travel on a boat. Defendants typically market the Vacation Packages by sending consumers mailings stating that the consumers have been pre-approved for a vacation to Florida and the Caribbean. The Vacation Packages are "vacation certificates" pursuant to § 559.927(11) of the FSTA; however, Defendants do not submit and disclose to the Florida Department of Agriculture and Consumer Services the materials required for the sale of vacation certificates, as set forth in § 559.9295 of the FSTA.

14.     Crucially, Defendants' mail solicitations do not disclose that consumers must take a "sales tour" of a timeshare development while on the vacation offered by Defendants. While Defendants' mailings represent that the recipient is being offered travel arrangements suitable for vacation, these mailings fail to disclose the material fact that the travel arrangements require

consumers to attend a lengthy sales presentation regarding an opportunity to purchase timeshares.

15. Thus, the practices of the Defendants mislead consumers and induce them to purchase travel arrangements that restrict their limited vacation time through required attendance at undisclosed timeshare sales presentations.

16. Ms. Williams was one such consumer. Defendants mailed her a solicitation for a Vacation Package, which she purchased. Upon arrival in Florida, Defendants required the attendance of Ms. Williams at a presentation for the sale of a timeshare plan. Defendants had never disclosed to Ms. Williams that attendance at this presentation was a component of the Vacation Package, or that it was a *mandatory* component. The presentation, from beginning to end, took approximately five and one half hours to complete – a significant portion of Ms. Williams' vacation, during which time she was, necessarily, unable to use the cruise and resort facilities she purchased as part of her Vacation Package.

17. Defendants' conduct is particularly egregious in light of the fact that essentially the same solicitation and sales practices have been the subject of enforcement actions undertaken by the attorneys general of several states in the United States, resulting in consent orders and judgments that permanently enjoined Defendants from essentially the same acts and practices Ms. Williams experienced. Specifically, Defendants NTS, RPR, Lambert, and Verrillo entered into an Agreed Judgment and Final Order in Case No. 00.328 in the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida on February 8, 2000. At or around the same time, Defendants NTS, RPR, Lambert, and Verrillo entered into similar consent decrees with the States of Arizona, Arkansas, Connecticut, Illinois, Kansas, Michigan, Missouri, New Mexico, North Carolina, Ohio, Oregon, Pennsylvania, West Virginia, Washington, Wisconsin, and the

District of Columbia in connection with the same acts and practices. Subsequently, on May 5, 2004, in Case No. 2003091789 before the Department of Business and Professional Regulation of the State of Florida, Division of Florida Land Sales, Condominiums, and Mobile Homes, Defendant RPR, through Defendant Lambert, entered into a Consent Order in connection with its violations of the Florida Vacation Plan and Timesharing Act. Fla. Stat. Ann. §§ 721.111, *et seq.* Moreover, as recently as August, 2006, in Case No. L05-3-1053 before the Office of the Attorney General of the State of Florida's Department of Legal Affairs, Defendant RPR, through Defendant Lambert, entered into an Assurance of Voluntary Compliance in connection with violations of the Florida Sellers of Travel Act, Fla. Stat. Ann. §§ 559.926, *et seq.* However, despite these multiple enforcement actions, Defendants continue to engage in the same wrongful acts and practices, to the detriment of consumers such as Ms. Williams across the United States.

## V. CLASS REPRESENTATION ALLEGATIONS

18. Ms. Williams brings this action on behalf of herself and all other persons similarly situated ("the Class and Subclass"), pursuant to Fed. R. Civ. P. 23.

19. The Class and Subclass are defined as:

The Class: All persons in the United States (the fifty states and the District of Columbia) who purchased a Vacation Package from Defendants;

The Subclass: All Class members who used the Vacation Package and who were required to attend, and did attend, a timeshare sales presentation in connection with their use of the Vacation Package.

Excluded from the Class and Subclass are Defendants; any parent, subsidiary, or affiliate of Defendants or any employees, officers, or directors of Defendants; legal representatives, successors, or assigns of Defendants; and any justice, judge or magistrate judge of the United States that may hear the case, and all persons related to any such judicial office, as set forth in 28 U.S.C. § 455(b).

20. There are questions of law and fact that are common to all members of both the Class and Subclass, which questions predominate over any question affecting only individual members. The principal common issues are:

a. Whether Defendants violated the FDUTPA by failing to disclose to consumers that they would require attendance at a timeshare sales presentation as a condition of using the Vacation Packages;

b. Whether Defendants violated the FDUTPA by failing to disclose or submit to the Florida Department of Agriculture and Consumer Services the material required for the sale of vacation certificates, and by knowingly selling vacation certificates in the absence of such disclosure;

c. Whether Class and Subclass members have a right to damages and injunctive relief by virtue of Defendants' violations of the FDUTPA;

d. Whether Defendants, in justice and equity, must return to the Class and Subclass members' amounts it collected from them in excess of the value of the Vacation Packages.

21. The only individual questions concern the identification of Class members and the computation of damages or restitution to be awarded each Class and Subclass member. Notice can be provided to the Class and Subclass by various means of communication, including Defendants' computerized databases of customer records.

22. Plaintiff's claims are typical of the claims of the Class and Subclass members. All are based on the same legal and remedial theories.

23. Plaintiff will fairly and adequately protect the interest of all Class and Subclass members in the prosecution of this Action and in the administration of all matters relating to claims stated herein. Plaintiff is similarly situated with, and has suffered similar injuries as, the members of the Class and Subclass she seeks to represent. Plaintiff has retained counsel experienced in handling Class action lawsuits involving consumer law. Neither Plaintiff nor her counsel has any interest which might cause them not to vigorously pursue this action.

24. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, in that:

    a. The losses suffered by the Class members are such that prosecution of individual actions is impractical or economically unfeasible;

    b. By contrast, the profits obtained by Defendants as a result of their unlawful practices are substantial;

    c. In the absence of the class action device, Plaintiff and the Class would be left without a remedy for the wrongful acts alleged, and Defendants will be unjustly enriched;

    d. The prosecution of separate lawsuits by individual members of the Class would create the risk of inconsistent adjudications with respect to individual Class members, which would establish incompatible standards of conduct for Defendants, making concentration of the litigation concerning this matter in this Court desirable;

    e. The claims of the representative Plaintiff are typical of the claims of the Class and Subclass; and

    f. No unusual difficulties are likely to be encountered in the management of this action as a class action.

25. The Class is so numerous as to make it impracticable to join all members of the Class and Subclass as Plaintiffs. Based upon the investigation of counsel, the number of Class members is estimated to be in excess of 100,000 persons.

## VI. FIRST CAUSE OF ACTION

**(Violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. Ann. §§ 501.201, *et seq.*)**

26. Plaintiff repeats and realleges paragraphs 1 through 25 above as if set forth fully herein.

27. Under the Florida Sellers of Travel Act, Fla. Stat. Ann. §§ 559.926, *et seq.* ("FSTA"), Defendants are "sellers of travel" as that term is defined in § 559.927(10).

Defendants' failure to disclose that mandatory attendance at a timeshare sales presentation was a component of the Vacation Packages is a failure to disclose a material fact pursuant to § 559.9335(22) of the FSTA.

28.     Defendants' violation of the FSTA is a deceptive and unfair trade practice for the purpose of the FDUTPA. pursuant to § 559.934 of the FSTA.

29.     As a result of Defendants' unlawful and deceptive acts and practices, Plaintiff and the members of the Class and Subclass have suffered damages. Plaintiff and the Class and Subclass are entitled to their damages, to an injunction, and to their attorneys' fees and costs, pursuant to Fla. Stat. Ann. §§ 501.2105 and 501.211.

## VII.     SECOND CAUSE OF ACTION

(Violation of the Florida Deceptive and Unfair Trade Practices Act,
Fla. Stat. Ann. §§ 501.201, *et seq.*)

30.     Plaintiff repeats and realleges paragraphs 1 through 25 above as if set forth fully herein.

31.     By failing to disclose that mandatory attendance at a timeshare sales presentation was a component of the Vacation Packages, and by requiring such attendance, Defendants misrepresented or deceptively represented the amount of time or period of time accommodations or facilities would be available to Plaintiff and to the members of the Class and Subclass, pursuant to § 559.9335(10)(a) of the FSTA.

32.     Defendants' violation of the FSTA is a deceptive and unfair trade practice for the purpose of the FDUTPA, pursuant to § 559.934 of the FSTA.

33.     As a result of Defendants' unlawful and deceptive acts and practices, Plaintiff and the members of the Class and Subclass have suffered damages. Plaintiff and the Class and

Subclass are entitled to their damages, to an injunction and to their attorneys' fees and costs, pursuant to Fla. Stat. Ann. §§ 501.2105 and 501.211.

## VIII. THIRD CAUSE OF ACTION

**(Violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. Ann. §§ 501.201, *et seq.*)**

34. Plaintiff repeats and realleges paragraphs 1 through 25 above as if set fully herein.

35. Defendant's Vacation Packages are "vacation certificates," as that term is defined in § 559.927(11) of the FSTA. Defendants, however, do not submit and disclose to the Florida Department of Agriculture and Consumer Services the materials required for the sale of vacation certificates, as set forth in § 559.9295 of the FSTA. Additionally, Defendants knowingly sell or market vacation certificates exceeding the number disclosed to the Florida Department of Agriculture and Consumer Services pursuant to § 559.335(4) of the FSTA.

36. Defendants' violation of the FSTA is a deceptive and unfair trade practice for the purpose of the FDUTPA, pursuant to § 559.934 of the FSTA.

37. As a result of Defendants' unlawful and deceptive acts and practices, Plaintiff and the members of the Class and Subclass have suffered damages. Plaintiff and the Class and Subclass are entitled to their damages, or to restitution or disgorgement of the amounts they paid for the Vacation Packages, to an injunction, and to their attorneys' fees and costs, pursuant to Fla. Stat. Ann. §§ 501.2105 and 501.211.

## IX. FOURTH CAUSE OF ACTION

**(Unjust Enrichment)**

38. Plaintiff repeats and realleges paragraphs 1 through 25 above as if set forth fully herein.

39. By securing from Plaintiff and the Class and Subclass amounts in excess of the value of the Vacation Packages it sold Plaintiff and the members of the Class and Subclass, Plaintiffs and the Class and Subclass have conferred benefits on Defendants, who have knowledge of the benefits, and who have accepted and retained the conferred benefits under circumstances in which it is inequitable for Defendants to retain them. Defendants have accordingly been unjustly enriched in these amounts and must return them to Plaintiff and to the members of the Class and Subclass. Alternatively, Defendants must disgorge all of the amounts in excess of the value of the Vacation Packages it collected from Plaintiff and the members of the Class and Subclass.

## X. REQUEST FOR RELIEF

40. WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, requests the following relief:

1. An order certifying this action as a Class and Subclass action under Rule 23 of the Federal Rules of Civil Procedure, appointing Plaintiff as Class and Subclass Representative, and appointing Plaintiff's counsel as Class and Subclass Counsel;

2. Damages, restitution, or disgorgement pursuant to the FDUTPA;

3. Restitution or disgorgement of the amounts by which Defendants have been unjustly enriched;

11

4. An injunction preventing Defendants from continuing the unlawful conduct alleged herein;

5. An award of reasonable attorneys' fees and costs;

6. Such other relief at law or equity as this Court may deem just and proper.

Dated: February 9th, 2007

Respectfully submitted,

*/s/ Janet R. Varnell*

Janet R. Varnell, Florida Bar No. 0071072
Trial Counsel
**VARNELL & WARWICK, P.A.**
20 La Grande Boulevard
The Villages, Florida 32159
Phone: 352-753-8600
Fax:     352-753-8606
jrvarnell@aol.com

OF COUNSEL:

Andrew S. Kierstead
**LAW OFFICE OF ANDREW KIERSTEAD**
1001 SW 5th Avenue, Suite 1100
Portland, Oregon 97204
Phone: 508.224.6246
Fax:     508.224.4356

And

Marc R. Stanley
Roger L. Mandel
Martin Woodward
**STANLEY, MANDEL & IOLA, L.L.P.**
3100 Monticello Avenue, Suite 750
Dallas, Texas 75205
Phone: 214.443.4300
Fax:     214.443.0358